WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Gambert,<br><br>                Plaintiff,<br><br>v.<br><br>Mark Bergsman,<br><br>                Defendant. | No. CV-13-02086-PHX-GMS<br><br>**ORDER** |

      Pending before the Court is Plaintiff's Amended Complaint (Doc. 16) which the Court will screen pursuant to 28 U.S.C. § 1915(e)(2). Pursuant to that screening, and because Plaintiff has been given a previous opportunity to amend his complaint, the First Amended Complaint is dismissed for failure to state a claim.

      Plaintiff initially filed largely identical complaints against the United States Patent and Trademark Office ("USPTO") and some of its employees. In addition to this case, filed against USPTO Director David Kappos, the Plaintiff filed largely identical claims in case nos. (1) 13 CV-2081, in which the Defendants were the USPTO, the Trademark Trial and Appeal Board ("TTAB") and Trademark Judge David Bucher, (2) 13 CV-2083, in which the Defendants were the United States Patent Trademark Organization, the TTAB and the United States, (3) 13 CV-2084 in which the Defendants were the USPTO, the TTAB, and interlocutory attorney Ann Linnehan, (4) 13 CV-2085 in which the Defendants were the USPTO, the TTAB and Trademark Judge Ellen Seeherman, (5) 13 CV-2086 in which the Defendants were the USPTO, the TTAB and Trademark Judge Mark Bergsman, (6) 13 CV-2087 in which the Defendants were the USPTO, the TTAB

and Trademark Judge Gerald Rogers, (7) 13 CV-2088 in which the Defendants were the USPTO, the TTAB and Trademark Judge Karen Kuhlke, and (8) 13 CV-2089 in which the Defendants were the USPTO, the TTAB and Trademark Judge Lorelei Ritchie.

Even though each of Plaintiff's largely identical complaints filed in these actions were approximately 42 pages long, they failed to state a cognizable claim, and each of them was dismissed with **ONE** opportunity to amend. In its previous identical orders, this Court advised the Plaintiff that the claims that he purported to bring pursuant to the Federal Tort Claims Act ("FTCA") were, in fact, claims that were statutory exceptions to the limited right that Plaintiffs have to bring suit against the United States or its entities under the Act. The Court also advised the Plaintiff that "any cause of action that was raised in the original complaint and dismissed herein is waived if it is not re-pleaded in a first amended complaint." *See Lacey v. Maricopa County,* 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

Despite this Court's previous warning to the Plaintiff against placing extraneous, collateral and inexplicable phrases in his complaint that was generated by Plaintiff's 42 page complaint, Plaintiff's identical amended complaint filed in the nine actions is 115 pages with three attachments of 57, 147 and 4 pages each. The First Amended Complaint contains the text of The Star Spangled Banner, the complete text of several amendments to the Constitution, disquisitions and pronouncements by the Plaintiff on the meaning of the Constitution and the Declaration of the Independence, as well as assertions of sovereignty by the Plaintiff over governmental action including his thoughts on government, biblical quotations, prophecies, witness lists and other matters. To the extent that the Defendant actually states legal claims in his amended complaint, the Plaintiff brings claims under the FTCA against the USPTO and asserts causes of action for negligence, gross negligence, high treason, the Hobbs Act and other unspecified claims apparently arising from the assertion that the elected and appointed officials as well as the employees of the USPTO have refused to acknowledge that the Plaintiff has received a trademark on the letters "SEO" and his generalized assertion that others have

had their trademark applications improperly denied or revoked. The attachments to Plaintiff's amended complaint, however, make clear that the USPTO eventually dismissed Plaintiff's application for trademark for his persistent failure to provide required information to the party or parties opposing his application.

Multiple circuits have concluded that "[i]t is virtually axiomatic that the FTCA does not apply 'where the claimed negligence arises out of the failure of the United States to carry out a [federal] statutory duty in the conduct of its own affairs.'" *United States v. Agronics Inc.*, 164 F.3d 1343, 1345 (10th Cir. 1999) (quoting *Sea Air Shuttle Corp. v. United States*, 112 F.3d 532, 536 (1st Cir. 1997) (quoting *Johnson v. Sawyer*, 47 F.3d 716, 727–28 (5th Cir. 1995) (en banc))). Sometimes referred to as "quasi-legislative" or "quasi-judicial" action, *see, e.g.*, *C.P. Chem. Co. v. United States*, 810 F.2d 34, 37–38 (2d Cir. 1987); *Jayvee Brand, Inc. v. United States*, 721 F.2d 385, 390 (D.C. Cir. 1983), this limitation comes from the language of the FTCA, which only waives sovereign immunity for conduct for which a private person could be held liable under state tort law, *see* 28 U.S.C. §§ 1346(b), 2674. In general, federal statutory duties regarding peculiarly administrative acts generally involve "a type of conduct that private persons could not engage in, and hence could not be liable for under local law." *Sea Air Shuttle*, 112 F.3d at 537 (quotation omitted).

In a similar case, a plaintiff brought an FTCA action alleging that the FAA had violated it federal statutory duties in promulgating a rule related to flight paths along the beaches of California. *Sky Ad, Inc. v. McClure*, 951 F.2d 1146, 1147 (9th Cir. 1991). The Ninth Circuit held that "Congress clearly did not intend the FTCA to establish liability in tort for failure to comply with publication and comment requirements for administrative rulemaking." *Id.* The court noted that legislative history supported this conclusion because a "House Report on the FTCA stated: '[It is not] desirable or intended that the constitutionality of legislation, or the legality of a rule or regulation should be tested through the medium of a damage suit for tort.'" *Id.* (citing H.R. Rep. No. 1287, 79th Cong., 1st Sess. 6 (1945)). The court affirmed the dismissal of the FTCA claim on that

ground and also affirmed the dismissal of a *Bivens* claim that also challenged the rulemaking. *Id.* at 1148. In relation to the *Bivens* claim, the court noted both that the Administrative Procedure Act provided an explicit remedy for unconstitutional rulemaking "and the overall unprecedented nature of appellants' tort theory." *Id.*

Here, Gambert is seeking to enforce federal statutory duties through an FTCA claim, just as the plaintiff did in *Sky Ad*. The actions of the USPTO and its employees that are at issue in this case are the kinds of "quasi-legislative" or "quasi-judicial" action that are not covered by the FTCA. That is because a private person could never engage in the granting of a trademark, and a private person could not be sued under state tort law for anything analogous. All of Gambert's claims arise from the denial of his trademark and allegations that various government entities and officials failed to follow the laws and regulations governing the issuance of trademarks.

As in *Sky Ad*, Gambert is alleging an unprecedented tort theory and Congress has explicitly provided other remedies for such allegations instead of a tort suit. If Gambert felt that his trademark was improperly denied he should have continued to challenge it through the provided administrative and judicial channels of review. Here, Gambert's failure to defend his Trademark application was the reason it was denied. If he felt that mistakes or violations of federal law or procedure were made, then a judicial appeal and not a tort suit would have been the appropriate remedy. A person "who is dissatisfied with the decision of the Director or Trademark Trial and Appeal Board" may appeal to the courts as provided in 15 U.S.C. § 1071.

The Court spent a great deal of time reviewing the balance of the statements made in the First Amended Complaint to determine whether Mr. Gambert had stated any claim in the document that was not frivolous and without all merit. After considerable effort, the Court could discern no such claim.

Therefore, pursuant to the Court's screening of the First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2), and because Plaintiff has been given a previous opportunity to amend his complaint;

1     **IT IS HEREBY ORDERED** that Plaintiff's First Amended Complaint (Doc. 16)
2 is **DISMISSED** with prejudice.
3     **IT IS FURTHER ORDERED** that the Clerk of the Court **TERMINATE** this
4 action.
5     Dated this 18th day of February, 2014.

_____
G. Murray Snow
United States District Judge